Spear, J.
Two questions arise upon the records:
1. Is the act of March 2, 1893, amending section 1240, of the Revised Statutes, (90 O. L. 63), which provides that “there shall be elected tri-ennially, in each county, a clerk of the court of common pleas, who shall hold his office three years, beginning on the first Monday of August next after his election,” constitutional?
2. If it is, is there in consequence, a vacancy in the office of clerk of the court of common pleas ?
The term of office of the clerk of the court of common pleas is fixed by section 16, of article 4. *126 of the constitution, in these words: “There shall be elected in each county, by the electors thereof, one clerk of the court of common pleas, who shall hold his office for the term of three years, and until his successor shall be elected and qualified. ”
Section 4, of the schedule to the constitution, provides that the first election for clerks of the courts of common pleas, shall be held on the second Tuesday of October, 1851, and the official term of such clerks, so elected, shall commence on the second Monday of February, 1852.
Section 27, of article 2, of the constitution, provides that the election and appointment of all officers, and the filling of all vacancies, not otherwise provided for by this constitution, or the constitution of the United States, shall be made in such manner as may be directed by law.
Section 1, of article 2, of the constitution, provides that' “The legislative power of this state shall be vested in a general assembly, which shall consist of a senate, and house of representatives.”
From the foregoing we conclude:
1. That the term of the clerk, as fixed by the constitution, is three years, and until his successor is elected and qualified.
2. That the time- for the commencement of the terms of office of the clerks elected at the first election after the adoption of the constitution was the second Monday of February, 1852 (the 9th). But the placing of the provision in the schedule, a device of a temporary character, “designed simply to effect the transfer, without friction or disorder, of the administration of the powers of government from functionaries elected or appointed under the old, to those to be elected or appointed under the *127 new constitution,” (The State ex rel. v. Taylor, 15 Ohio St. 142), instead of in the body of the constitution in which the permanent provisions have been incorporated, as well as the language of the clause itself, indicates a purpose not to fix the time for the commencement of the term of any of their successors. Hence:
3. There is no invariable period of the year fixed for the commencement of the terms of such clerks. The State ex rel. v. Niebling, 6 Ohio St. 40.
4. There being no time for the commencement of the term fixed by the constitution, the authority to fix the time is, necessarily, vested in the general assembly, and such authority is plainly given by section 1, of article 2, lodging all legislative power in that body, and by section 27 of the same article, providing that where the election is not provided by the constitution, the same shall be made in such manner as may be directed by law.
5. The general assembly, therefore, had power to pass the act of March 2, 1893, providing that the term of office of clerks thereafter elected should begin on the first Monday of August next after their election, and such act is not unconstitutional.
In support of the claim of the relator, Alvord, it is contended that the act is invalid because it operates to extend the term of office of the incumbent clerk, and the legislature is, as was held in The State ex rel. v. Brewster, 44 Ohio St. 589, without authority to extend the term of an office which has been fixed and limited by the constitution.
The assumption, we think, is not warranted. The act in question does not purport to extend the term of. the incumbent, nor does it in effect *128 do that. The result" of this legislation upon the incumbent depends wholly on the constitution. If, by virtue of section 16, of article 4, a vacancy is created, then the term of the incumbent is not extended ; if, under that section, no vacancy ensues, it is the force and effect of the constitution, and not the statute, which extends the term. This is easily tested by supposing that the constitutional provision in regard to clerks had been the same as that regarding county auditors. In such case no question of the effect of the act upon the right of the incumbent could possibly arise.
In support of the claim of Berwick A. Barton, it is contended that the effect of the statute of March 2, 1893, is to create a vacancy in the office of clerk, because such clerk is a county officer, and section 2, of article 10, of the constitution provides that ‘ ‘ county officers shall hold their office for such term, not exceeding three years, as may be provided by law.”
It is, we think, a sufficient answer to this proposition to say that the purpose of the framers of the constitution, by the adoption of section 16, of article 4, to take the office of clerk of the court out of the operation of the terms of section 2, of article 10, is so plain as to be practically beyond question. One is a general provision; the other a special one. In such case the latter controls. But it is further insisted that a proper construction of the language of section 16, of article 4, limits the right of the incumbent to hold over to some accidental contingency, such as illness, or inability, or neglect to qualify by the successor for a short time, but cannot be held to apply to a case where the interregnum extends over an unreasonable time, as for six months.
*129 The effect of this construction would be to create vacancies in the present cases. The recognized policy of the state is to avoid, if practicable, the creation of a vacancy in an elective office, and where the right to hold over is given in language that is not limited, and the same is not otherwise qualified, a court would hardly be justified in seeking for an unnatural construction by which a limit would be placed upon the right. Here the words are: “And until his successor is elected and qualified,” and nothing is found in the context to restrict the natural import of the text as given in the section quoted.
In contemplation of law there can be no vacancy in an office so long as there is a person in possession of the office legally qualified to perform the duties. This conclusion is distinctly supported by the holding in The State ex rel. v. Howe, 25 Ohio St. 588: “That the framers of the constitution, in providing for filling vacancies in office, did -not regard an office as vacant, when an incumbent might lawfully hold over his definite term until a successor was elected or appointed and qualified, is manifest from other provisions in the instrument. By section 4 of article 10, the duration of the term of township officers is fixed at one year from the Monday next succeeding their election, and until their successors are qualified. It would hardly be contended that, under this provision, a township office becomes vacant at the end of the year, from the mere fact that no successor to the incumbent has qualified. ”
We think there is no vacancy in the office of clerk of the court of common pleas, but that the persons'duly elected, and holding on February 8,, 1894, are entitled to perform the duties until their *130 successors, respectively, elected .at the November election, 1893, are qualified.
In the quo wa/rrcmto case the demurrer to the petition will be sustained, and the petition dismissed. In the other case the motion for writ of mandamus will be overruled.
Mustshall, J., dissents.-